Nicholson, C. J.,
delivered tbe opinion of tbe court:
Complainants move to dismiss the appeal in this case on the following state of the record:
On the 15th of April, 1875, complainants obtained a decree against defendants in the chancery court, at Memphis, from which decree one of the defendants prayed an appeal, which was granted upon his giving bond for costs within ten days. No bond was given, but- after tbe expiration of the ten days, but during tbe same term of tlia court, to wit: On tbe 1.5th day of July, 1875, tbe defendant who prayed the appeal signed and subscribed tbe pauper’s oath before tbe clerk and master, which was on the day filed.
At a subsequent day of tbe same term, to wit, on tbe 14th of September, 1875, the following entry was made on the record: “In this case, it appearing that the pauper’s oath was taken in term time, the same is considered as though taken under the direction of the court, and the said oath and the proceedings of the clerk with reference thereto are approved, and the same to have the force and effect of an appeal bond, and tbe clerk and master is directed to forward transcript as on appeal to supreme court.”
It is clear tbat under tbe order allowing an appeal upon giving bond within ten days, tbe clerk bad no authority to take in lieu thereof tbe appellant’s pauper oatb, more especially after tbe ten days expired. Tbe fact tbat the pauper’s oatb was administered and filed by tbe clerk dur *414 ing tbe term, does not affect tbe case. It was an unauthorized and void-act, but during tbe same term tbe chancellor approved and adopted tbe action of tbe clerk, and ordered tbe pauper oath so taken to operate as an appeal bond. Tbe question is, did tbe chancellor have power to gire force and effect to tbe unauthorized action of tbe clerk?
In tbe case of Davis v. Dyer, 5 Sneed, 679, an appeal was granted to tbe plaintiff upon bis pauper oath, taken out of court before a justice of tbe peace. Objection was taken to granting tbe appeal upon tbe pauper oath so taken, but it appearing that appellant was unable to come into court on account of sickness, tbe circuit judge allowed tbe appeal. This court dismissed tbe appeal because tbe justice of tbe peace bad no authority to administer the oath, and tbe circuit judge bad no power to grant the appeal, except upon bond or -pauper oath taken in court.
This case was followed in McPhatridge v. Gregg, 4 Cold., 326, and in Andrews v. Page, 2 Heis., 634. Tbe former holdings were modified so far as that, upon appeal in forma pauperis from tbe chancery to tbe supreme court, tbe oath may be taken before tbe clerk out of term time, provided it appears of record that such oath ivas taken under order or decree of such chancery court.
As tbe law now stands, appeals in forma pauperis from tbe chancery court can only be taken upon pauper oath, taken in court, or oath taken before tbe clerk after tbe term, in pursuance of an order of court.
In tbe present case tbe oath was taken before tbe clerk during tbe term, but not in court, and it was taken without any order of court. It was, therefore, as much a nullity as if it bad been taken before a justice of the peace. But we have seen by tbe case of Davis v. Dyer, that a circuit judge could not adopt and make good a pauper oath taken before a justice of tbe peace, so as to malee it tbe foundation of an appeal.
*415 The chancellor has the power to authorize a clerk to take the pauper oath after the term, hut in so doing it is held that the clerk is acting judicially. This would be no authority for holding that a chancellor, any more than a circuit judge, could adopt and make valid a pauper oath, which is null and void because taken without authority, whether before the clerk or a justice of the peace. Such an oath, although recognized as valid and sufficient by the court, could not be made the foundation of an indictment for perjury, and it is essential that the oath should be such that the affiant should be subject to criminal prosecution in event of its being corruptly false, to make it sufficient as a basis of an appeal. Morris v. Smith, 11 Hum., 135.
We are therefore of opinion that the court erred in granting the appeal in this case, and the motion to dismiss it must be sustained.